UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PERRY IVORY WIMS,

    Plaintiff,

v.                                                CASE NO: 8:15-cv-1335-T-26TGW

UNITED STATES OF AMERICA,

    Defendant.
_____/

## O R D E R

**AFTER DUE AND CAREFUL CONSIDERATION** of the procedural history and record of the Plaintiff's criminal case, case number 8:09-cr-98-T-26TGW, which indisputably reflects that the Plaintiff was sentenced on September 17, 2009, see dockets 33, 34, 35, and 45, and did not appeal that sentence, the Court concludes that his motion to vacate filed pursuant to 28 U.S.C. § 2255 on June 1, 2015, under the mail box rule, is due to be denied as untimely in that the motion was clearly filed more than one year after his conviction became final. See § 2255(f)(1). Furthermore, to the extent that the Plaintiff contends that his motion is timely because of the retroactive effect of Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) and Johnson v. United States, 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), that contention must fail. Begay was not made retroactive on collateral review by the Eleventh Circuit until January 6, 2014, see Mackey v. Warden, FCC Coleman-Medium, 739 F.3d 657 (11th Cir. 2014), and the Eleventh Circuit did not hold that Johnson was to be applied

retroactively on collateral review until November 21, 2012.  See Rozier v. United States, 701 F.3d 681 (11th Cir. 2012).  Obviously, Plaintiff's motion was filed more than one year after those decisions and is, therefore, not timely under § 2255(f)(3).

Accordingly, the Motion to Vacate (Dkt. 1) is **DENIED**.  The Clerk is directed to enter judgment for the Defendant and to close this case.

**DONE AND ORDERED** at Tampa, Florida, on June 5, 2015.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record
Plaintiff, *pro se*